NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO ANTONIO POLANCO
GONZALEZ,

Petitioner,

v.

MERRICK B. GARLAND,
Attorney General,

Respondent.

No. 20-70963

Agency No. A205-318-454

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
San Francisco, California

Before: COLLINS, VANDYKE, and MENDOZA, Circuit Judges.

Petitioner Ricardo Antonio Polanco Gonzalez ("Polanco") seeks review of a

Board of Immigration Appeals ("BIA" or "Board") decision affirming a decision by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an Immigration Judge ("IJ") denying Petitioner's motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The court reviews the denial of a motion to reopen for an abuse of discretion. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). Under that standard, the court must affirm the agency's denial of reopening unless the decision is "arbitrary, irrational or contrary to law." *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (citation omitted). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review questions of law de novo. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

The BIA properly exercised its discretion in determining that Polanco did not establish that his wife had a "serious illness" that qualifies as an "exceptional circumstance[]." 8 U.S.C. § 1229a(e)(1). As Polanco concedes, he bore the burden of proof to demonstrate that an illness rises to the level of an "exceptional circumstance." *See Celis-Castellano v. Ashcroft*, 298 F.3d 888, 891 (9th Cir. 2002). Generalized claims of illness, without more, do not rise to the level of "serious illness" under the statute. *Id.* at 892. Here, Polanco never presented "specific and detailed evidence" demonstrating that his wife experienced a "serious" illness. The BIA therefore appropriately determined that under the "totality of the

2

circumstances" the evidence did not establish that the illness was "serious" under the statute.

The BIA also properly exercised its discretion in determining that Polanco failed to establish that his transportation difficulties qualified as an "exceptional circumstance[]." 8 U.S.C. § 1229a(e)(1). Other than his declaration and a declaration from his wife, Polanco submitted no evidence of his efforts to attend his scheduled hearing. Nor did he submit any evidence that he attempted to call the Immigration Court to explain his absence.

Polanco also argues that the BIA erred by failing to appropriately consider various "other factors," including evidence that he lacked an incentive to miss the hearing. But the Board did consider this information, including the evidence that Polanco lacked an incentive to miss the hearing.

Finally, Polanco argues that the Board erred by failing to consider whether his motion to reopen was unopposed in the "totality of the circumstances" analysis. But whether the government filed a response to the motion is irrelevant to the exceptional circumstances inquiry. And regardless, the burden is on the movant to prove that reopening is appropriate. *See, e.g.*, 8 C.F.R. § 1003.23(b)(1)(iv), (b)(3). As the Board determined, Polanco failed to carry that burden.

**PETITION DENIED.**

3